UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) Civil Action No.:  23-cv-211 |
| v. | ) ) Injunctive Relief Sought ) |
| **HALL DRIVE-INS, INC. d/b/a FACTORY RESTAURANT**, an Indiana Corporation, and **LUKE HALL**, an individual, | ) Jury Trial Demand ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Pursuant to section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq*.) ("FLSA" or "Act"), Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the Defendants **HALL DRIVE-INS, INC. d/b/a FACTORY RESTAURANT** ("**HALL DRIVE-INS**") and **LUKE HALL** (collectively, "Defendants") from violating sections 206, 211, 215(a)(2), and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from February 10, 2020, through February 6, 2022 (the "Investigation Period"). Unless stated

1

otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c) and 217; 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

3. Defendant **HALL DRIVE-INS** is a corporation within this Court's jurisdiction with an office at 216 State Road 930 West, New Haven, Indiana 46774, where it conducts business.

4. **HALL DRIVE-INS** operates a restaurant called the Factory Restaurant at 5811 Coldwater Road, Fort Wayne, Indiana 46825.

5. Defendant **LUKE HALL** has actively managed and supervised **HALL DRIVE-INS'** operations and its employees at the Factory Restaurant during the Investigation Period. Among other things, **LUKE HALL** has hired and fired employees, set their work schedules, and set their pay rates.

6. **LUKE HALL** has acted directly or indirectly in **HALL DRIVE-INS'** interests with respect to its Factory Restaurant employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

within Allen County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

8. **HALL DRIVE-INS** is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. **HALL DRIVE-INS** is an "enterprise engaged in commerce" under the FLSA because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

10. Defendants repeatedly violated section 203(m)(2)(B) of the Act by requiring servers to participate in an invalid tip pool in which Defendants unlawfully kept servers' tip contributions for a purpose other than to distribute to employees who customarily and regularly received tips within the meaning of section 203(t) of the Act. 29 U.S.C. § 203(t).

    a. From approximately October 2020 through October 2021, Defendants required servers to pool tips and improperly distributed a percentage of the servers' tips to cooks, who are not employees who customarily and regularly receive tips within the meaning of section 3(t) of the Act, in order to compensate them for their "expo" work to expedite food service from the kitchen.

    b. Defendants also did not provide any notice of the tip credit to

servers. When servers were hired, they did not discover Defendants were taking the tip credit for their wages until they shadowed another server for one shift as part of their training.

11. Defendants willfully violated section 203(m)(2)(B) of the Act because Defendants showed reckless disregard for whether the FLSA prohibited their conduct.

12. Specifically, Defendants acted willfully when servers repeatedly, over the course of months, questioned the legality of the tip pool that included "expo" kitchen workers, but took no actions to determine whether the tip pool complied with the FLSA until approximately two weeks before Defendants ended this tip pool.

13. Defendants repeatedly violated sections 206 and 215(a)(2) of the Act when they failed to pay their employees at least $7.25 per hour. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

14. Specifically, Defendants repeatedly violated sections 206 and 215(a)(2) of the Act because of the following policies and practices:

    a. Defendants only paid servers paid a direct wage of $2.13 per hour or $2.65 per hour due to the invalid tip credit.

    b. Defendants did not provide any notice of the tip credit to servers. When servers were hired, they did not discover Defendants were taking the tip credit for their wages until they shadowed another server for one shift as part of their training.

4

c. Defendants required their servers to purchase uniforms consisting of shirts and aprons with the Factory Restaurant's logo on them directly from defendant **LUKE HALL**. Because Defendants only paid a direct wage of either $2.13 or $2.65 per hour to servers due to the invalid tip credit, all uniform purchases further reduced the servers' wages below the required minimum wage of $7.25 per hour.

d. Defendants required their servers to begin working at the Factory Restaurant 30 minutes prior to their shifts and the time the restaurant opened to customers. Defendants' servers performed uncompensated work to get their table sections ready for customers beginning 30 minutes prior to the time the restaurant opened. Servers were not allowed to clock in until the first customers in their section arrived. Defendants did not pay servers any wages during this pre-shift time.

15. Defendants also willfully violated sections 206 and 215(a)(2) of the FLSA because Defendants showed reckless disregard for whether their policies and practices described in paragraph 14 above complied with the FLSA's minimum wage requirements.

16. Specifically, Defendants acted willfully when they knew they were relying on the tip credit to pay their servers but required their servers to pay for uniforms. Defendants also acted willfully when they knew servers were working without pay prior to the arrival of customers in their sections and either required the practice or allowed the practice to continue despite knowing Defendants were

required to pay servers for all of their hours worked.

17. Defendants repeatedly violated sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. *See* 29 U.S.C. §§ 211, 215(a)(5); 29 C.F.R. Part 516. Specifically, Defendants repeatedly violated sections 211 and 215(a)(2) of the Act because of the following policies and practices:

    a. Defendants failed to make, keep, and preserve adequate and accurate records of servers and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

    b. Defendants failed to make, keep, and preserve adequate and accurate records of "expo" kitchen workers and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things:

        i. Hours worked each workday in occupations in which the employee receives tips, and total daily or weekly straight-time earnings for such hours, and

        ii. Weekly or monthly amount reported by the employee, to

the employer, of tips received.

## Remedies Sought

18.  As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

19.  Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Secretary.

## Statute of Limitations

20.  Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

21.  The Secretary and Defendants entered into three separate agreements to toll the statute of limitations set forth in section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255.

22.  The agreements tolled the statute of limitations from October 17, 2022, to May 25, 2023.

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating sections 203(m)(2)(B) and 206 of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for improperly retained tips, unpaid minimum wage compensation, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be

necessary and appropriate.

        **SEEMA NANDA**
        Solicitor of Labor

        **CHRISTINE Z. HERI**
        Regional Solicitor

        /s/ Kevin M. Wilemon
        **KEVIN M. WILEMON**
        Senior Trial Attorney

        Attorney for Plaintiff, Julie A. Su
        Acting Secretary of Labor
        U.S. Department of Labor
        Office of the Solicitor
        230 South Dearborn Street,
        Suite 844
        Chicago, IL 60604
        Telephone: (312) 353-6973
        Fax: (312) 353-5698
        E-mail: wilemon.kevin@dol.gov
        Illinois Bar No. 6301185

## Exhibit A

1. Reed Adams
2. Angela Aguirre
3. Logan Allen
4. Ashley Bassett
5. Heather Bizwell
6. Bree Bogard
7. Elaina Busch
8. Catherine Byers
9. John Carr
10. Alvina Culp
11. Olivia Fawcett
12. Diana Felts
13. Sierra Firks
14. Erin Johnson
15. Tonya Kessler
16. Cordon Lichtsinn
17. Allison Marks
18. Emily McKee
19. Debrah Meruani
20. Nelson Mix
21. Davina Mullet
22. Joshua Schwartz
23. Arielle Sizemore
24. Kaitlyn Smith
25. Anna Stuckey
26. Tyler Swenson
27. Aerie Thomas
28. Madison Tippman
29. Steven Wegman
30. Aries Welty