UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>HALL DRIVE-INS, INC, et al.,<br><br>    Defendants. | Case No. 1:23-CV-211-GSL |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants Hall Drive-Ins, Inc. d/b/a Factory Restaurant ("Hall Drive-Ins") and Luke Hall (collectively "Defendants") have appeared by counsel, and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and for cause shown, it is: ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 11(c), 15(a)(2), and 15(a)(5) of the FLSA in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

2. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Hall Drive-Ins, or at any business location owned, operated, and/or controlled by Defendants, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

3. No later than 30 days after execution of this Consent Judgment, Defendants shall post in a conspicuous place at their worksite located at The Factory Restaurant, and all other restaurants[1]

---

[1] Defendant Hall Drive-Ins' other restaurants currently are Hall's Drive-In North, Hall's Prime Rib, Hall's Gas House, Hall's Takaoka, Hall's Commissary Restaurant, and Don Hall's Tavern at Coventry.

operated by Defendants, including all places where posters for employees are customarily posted, a copy of this Consent Judgment for a period of six months.

4. No later than 30 days after execution of this Consent Judgment, Defendants shall distribute a physical copies of the following to all current employees of each restaurant operated by Defendant Hall Drive-Ins:

   a. Fact Sheet #2: Restaurants and Fast Food Establishments Under the Fair Labor Standards Act (FLSA) (https://www.dol.gov/agencies/whd/fact-sheets/2-flsa-restaurants);

   b. Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (https://www.dol.gov/agencies/whd/fact-sheets/15-tipped-employees-flsa); and

   c. Fact Sheet #16: Deductions From Wages for Uniforms and Other Facilities Under the Fair Labor Standards Act (FLSA) (https://www.dol.gov/agencies/whd/fact-sheets/16-flsa-wage-deductions).

5. For a period of 3 years after the execution of this Consent Judgment, Defendants shall distribute, upon hiring, a physical copy of Fact Sheet #2, #15, and #16 to all new employees of any restaurant operated by Defendants.

6. Defendants arranged, at Defendants' sole expense, a two-hour training ("Training") regarding the FLSA's requirements regarding deductions, payment for all hours worked, tip pools, and section 15(a)(3). The Training was provided by attorney Anthony Stites on May 16, 2024. The Training, at a minimum, provided instruction about payment for all hours worked; the Act's "suffer or permit standard"; permissible tip pools; permissible deductions; prohibited conduct and protected activity under Section 15(a)(3) of the Act; remedies available for violations of the Act; and practical guidance for employer compliance. The Training was attended by Defendant Luke Hall and all individuals with managerial responsibility at Hall

3

Drive-Ins' other restaurants. The Wage and Hour Division's Indianapolis District was notified at least ten days in advance so that the Acting Secretary's representatives could attend.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Secretary and against Defendants in the total amount of $178,000.00, as set forth in Exhibit A.

7. The Secretary shall recover from Defendants the sum of $74,625.78 in unpaid minimum wage covering the period from February 10, 2020, through February 6, 2022, for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $74,625.78 in liquidated damages.

8. Plaintiff shall further recover from Defendant the sum of $28,748.44 as civil monetary penalties under 29 U.S.C. § 216(e).

    a. At the time of Defendants' execution of this Consent Judgment, Defendants shall deliver payment in the amount of $178,000.00 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

    b. Defendants shall also furnish to the Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit A.

    c. Upon receipt of full payment from Defendants, representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions

of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

    d.  Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

    e.  Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

    f.  The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

9.  By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

10.  Defendants acknowledge their responsibilities under 29 U.S.C. § 215(a)(3) and agree not to discharge or take any retaliatory action against any of their current or former employees because they belief such employees have engaged in any activities protected under 29 U.S.C. § 215(a)(3).

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED.

ENTERED: September 4, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

Entry of this judgment
is hereby consented to:

**For Defendants:**
Date: August 19, 2024

Hall Drive-Ins, Inc. d/b/a Factory Restaurant

s/Don Hall II
By: Don Hall II

s/Luke Hall
Luke Hall, Individually


Attorneys for Defendant:

s/Anthony M. Stites
Anthony M. Stites
Barrett McNagny
215 East Berry Street
Fort Wayne, IN 46802
ams@barrettlaw.com


APPROVED:
 **SEEMA NANDA**
 Solicitor of Labor

 **CHRISTINE Z. HERI**
 Regional Solicitor

 s/Kevin M. Wilemon
 **Kevin M. Wilemon**
 Counsel for Wage and Hour
 U.S. Department of Labor
 Office of the Solicitor
 230 South Dearborn Street, Rm. 844
 Chicago, Illinois 60604
 312-353-6973
 wilemon.kevin@dol.gov

 *Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*